UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JONATHAN ALAN HAMBY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:10-CV-306-TLS |
| WARDEN, Elkhart Community Corrections, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Jonathan Alan Hamby, a prisoner who is proceeding pro so in this matter, filed this Petition Under 28 U.S.C. § 2254 [ECF No. 1] challenging his 730-day sentence for escape by the Elkhart Superior Court on May 10, 2010, Docket No. 20D04-1002-FD-00045. First, Hamby argues that his conviction and sentence violates double jeopardy:

> I was on house arrest and violated. I failed to turn myself in by the appointed time (I turned myself in the next day however.) I was sent to the county jail (Elkhart) from work release. I was issued a write up to which I pled guilty. All good-time credit was taken and I was placed in credit class 3 (day-for-day). About 90 days later, in addition to the above said, I was also charged with Class D Felony Escape. Quite simply, I have been punished twice for the same offense and assert that my Constitutional rights have been violated.

(Petition at 3.) Hamby also presents two other grounds, but they are merely restatements of his double jeopardy claim. In Ground 2, he argues that double jeopardy is a violation of his due process rights under the Fourteenth Amendment. In Ground 3, he argues that double jeopardy is cruel and unusual punishment in violation of the Eigth Amendment. Even if these were valid arguments, (which they are not) Hamby has not been subjected to double jeopardy. Furthermore, if he had been subjected to double jeopardy, that alone would have been a basis for relief without regard to these additional derivative grounds.

The double jeopardy clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions. *See Breed v. Jones*, 421 U.S. 519, 528 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996); *Garrity v. Fiedler*, 41 F.3d 1150, 1152–53 (7th Cir. 1994) ("[P]rison discipline does not preclude a subsequent criminal prosecution or punishment for the same acts.") (citing *United States v. Shapiro*, 383 F.2d 680, 683 (7th Cir. 1967)).

Because Hamby's discipline in the jail did not cause jeopardy to attach, his subsequent criminal prosecution did not constitute double jeopardy.

> Prison administrators must have the ability to discipline a prisoner for violating institutional regulations, and the State must have the ability to prosecute the prisoner for the same conduct at a later date; combining the two proceedings would not be feasible. The prison disciplinary process determines whether the defendant has violated the conditions of his incarceration and is designed to maintain institutional security and order. A criminal prosecution is designed to punish the defendant for a violation of the criminal laws. Because the two proceedings serve different ends, the finding that the defendant no longer merits good time does not foreclose the criminal justice system from punishing the defendant for that conduct.

*Garrity* 41 F.3d at 1153 (quotation marks, brackets, and citation omitted). Therefore, the Court must dismiss the Petition.

Pursuant to Rule 11(a) of the Rules Governing Proceedings in the United States District Courts under Section 2254, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks and citation omitted). As explained above, Hamby has not made such a showing.

For the foregoing reasons, the Court DISMISSES the Petition [ECF No. 1] pursuant to Rule 4 of the Rules Governing Proceedings in the United States District Courts under Section 2254 and DENIES a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Proceedings in the United States District Courts under Section 2254.

SO ORDERED on October 19, 2010.

  s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION